## FOLSOM *et al.* v. MULLEN.

No. 6514.    Opinion Filed March 21, 1916.

(156 Pac. 326.)

**GUARDIAN AND WARD—Actions—Judgment.** In an action against several minor defendants who defended by their legal guardian, who was also their guardian **ad litem**, there being no evidence to support any judgment against one of said defendants, a judgment against the legal guardian and guardian **ad litem** of all of the defendants will be reversed.

(Syllabus by Rummons, C.)

· *Error from District Court, Jefferson County;*

*Frank M. Bailey, Judge.*

Action by J. S. Mullen against Oura P. Folsom and others. Judgment for plaintiff, and defendants bring error. Reversed, and remanded for new trial.

*D. F. Spradling,* for plaintiffs in error.

*H. A. Ledbetter,* for defendant in error.

Opinion by RUMMONS, C. This action was begun by the defendant in error, hereinafter styled the plaintiff, against Oura P. Folsom, Edgar R. Folsom, and Odus W. Folsom to recover damages for the wrongful dispossession of the plaintiff of certain lands in Jefferson county, to which plaintiff claimed the right of possession by virtue of leases executed by W. S. Folsom, the legal guardian of the plaintiffs in error, hereinafter styled the defendants, to R. E. Lee, which leases had been assigned by Lee to plaintiff. The defendants answered by W. S. Folsom, as their legal guardian and as their guardian *ad litem,* admitting the execution of the leases upon the lands of Edgar Roy Folsom and Odus W. Folsom to R. E. Lee,

and counterclaimed against the plaintiff for failure to perform the terms and conditions of the rental contract in behalf of Oura P. Folsom for damages for the wrongful withholding of possession of the lands of said Oura P. Folsom by the plaintiff for a period of five years. There was a trial to a jury, and verdict for the plaintiff against the defendants, upon which judgment was entered against W. S. Folsom, guardian and guardian *ad litem* of the defendants Oura P. Folsom, Odus W. Folsom, and Edgar Roy Folsom in the sum of $100. A motion of defendants for new trial was entered, and overruled; they excepted, and bring this appeal.

The only assignment of error we need consider is the overruling of the amended motion of defendants for a new trial on the ground that the verdict was not sustained by sufficient evidence and is contrary to law. We have read the entire record, and there is no evidence contained therein that any of the defendants ever went upon the land and ousted plaintiff from the possession thereof. The only ouster shown by the plaintiff was the act of W. S. Folsom, father and legal guardian of the defendants, in forbidding the subtenants of plaintiff to pay him the rents upon the lands claimed by him. There is absolutely no evidence in the record that the plaintiff ever had any lease or legal right to possession of the lands of Oura P. Folsom, described in the petition. The defendants sufficiently challenged the attention of the court to the fact that plaintiff had no leasehold interest in Oura P. Folsom's lands, and in fact the lease executed in behalf of Oura P. Folsom by her guardian was offered by plaintiff and was found to describe other lands than those claimed in the petition of plaintiff, and was, as shown by the record,

withdrawn from the consideration of the jury. Yet the court overruled the motion of Oura P. Folsom for a directed· verdict and instructed the jury generally as to the issues between the plaintiff and defendants, and upon a verdict being returned by the jury in favor of the plaintiff against the defendants, entered judgment, not against the defendants, who had been sued by the plaintiff, but against their guardian and guardian *ad litem,* W. S. Folsom. ' So far as the defendant Oura P. Folsom is concerned, there is no evidence to sustain any judgment against her whatever. Nor could her estate be bound by any judgment against her guardian for any wrong in which she was not involved.

This cause should be reversed and remanded for a new trial.

By the Court: It is so ordered.